UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA REYNOLDS, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>ENCORE RECEIVABLE MANAGEMENT, INC., and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, MELISSA REYNOLDS, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., ("ENCORE"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Union County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. ENCORE maintains a location at 400 North Rogers Rd, Olathe, Kansas 66063.

8. Upon information and belief, ENCORE uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. ENCORE is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from ENCORE concerning a debt owed to Synchrony Bank for an account with PC Richard & Son, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.
- <u>The class definition may be subsequently modified or refined</u>.
- <u>The Class period begins one year to the filing of this Action</u>.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether the Defendant violated various provisions of the FDCPA including but not limited to:

> 15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq.*
>
> b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
>
> c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
>
> d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before March 13, 2017, Plaintiff allegedly incurred a financial obligation to Synchrony Bank ("SYNCHRONY").

16. The SYNCHRONY obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The SYNCHRONY obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. SYNCHRONY is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. On or before March 13, 2017, the SHELL obligation was referred to ENCORE for the purpose of collection.

20. At the time the SYNCHRONY obligation was referred to ENCORE the SYNCHRONY obligation was past due.

21. At the time the SYNCHRONY obligation was referred to ENCORE the SYNCHRONY obligation was in default pursuant to the terms of the agreement creating the obligation.

22. ENCORE caused to be delivered to Plaintiff a letter dated March 13, 2017, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A.**

23. The March 13, 2017 letter was sent to Plaintiff in connection with the collection of the SYNCHRONY obligation.

24. The March 13, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. Upon receipt, Plaintiff read the March 13, 2017 letter.

26. The March 13, 2017 letter provided a Toll Free telephone number of 866-247-1087.

27. The March 13, 2017 letter provided a mailing address of 400 N. Rogers Rd., P.O. Box 3330, Olathe, KS 66063-3330.

28. The March 13, 2017 stated in part:

Note: If payment has already been made, please notify this office at 866-247-1087 or by writing to Encore at the address listed below.

29. The March 13, 2017 letter stated in part:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.

30. Section 1692g(a)(1), (3)of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (1) the amount of the debt;

          (3)   a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

31.    A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

32.    The March 13, 2017 letter stated on top right side:

> **Creditor:**    **Synchrony Bank**
> Re:    P C RICHARD & SON
> For Account Ending in:    xxxxxxxxxxxxxx5482
> Encore Account #:    xxxxxxxxxxxxxx2870
> Total Account Balance:    $1,602.00
> Total Amount Due:    $209.00

33.    The March 13, 2017 letter further stated:

The Above reference account has been referred to our office for collection. Previous attempts have been by the creditor to payment on this debt. As of this date, those attempts have not been successful.

Note: As of the date of this letter, your Total Account Balance is $1,602.00 of which $209.00 represents the Total Amount Due. Your Total Account Balance and Total Amount Due on the day you pay may be greater than the current balance listed above as a result of finances charges, late fees imposed on your account from day to day as outlined in the terms of your account agreement.

34.    ENCORE knew or should have known that its actions violated the FDCPA.

35.    ENCORE could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**POLICIES AND PRACTICES COMPLAINED OF**

36. It is ENCOREs policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b) Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(1); and

    (c) Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3);

37. On information and belief, ENCORE sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey with one year of this Complaint.

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS**

38. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

39. Collection letters and/or notices, such as those sent by ENCORE, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

40. The March 13, 2017 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute *must* be in writing.

41. The least sophisticated consumer upon reading the March 13, 2017 letter would be confused as to what she must do to effectively dispute the alleged debt.

42. The least sophisticated consumer upon reading the instructions in the March 13, 2017 letter would be mislead into believing that if she wished to effectively dispute the alleged,

debt or any portion thereof, because payment had already been made, she may (1) notify ENCORE by calling the toll free telephone number of 866-247-1087 or (2) write to Encore at the address listed near the bottom of the letter.

43. ENCORE's instructions will lead the March 13, 2017 letter would least sophisticated consumer to be unsure as to what she must do to effectively dispute the alleged debt.

44. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

45. ENCORE violated 15 U.S.C. §1692g(a)(3) by failing to effectively inform Plaintiff in the March 13, 2017 letter, what she must do in order to dispute the alleged debt.

46. ENCORE violated 15 U.S.C. §1692g(a)(1) by failing to effectively inform Plaintiff in the March 13, 2017 letter, the amount of the debt.

47. The least sophisticated consumer upon reading the March 13, 2017 letter would be unsure of how much she must pay.

48. The least sophisticated consumer upon reading the March 13, 2017 letter would be confused as to whether the amount of the debt she is being asked to paid is the Total Account Balance of $1,602.00 or the Total Amount Due: of $209.

49. ENCORE violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that if she wished to dispute the alleged debt or any portion thereof, because payment had already been made, that she may (1) notify ENCORE by calling the toll free telephone number of 866-247-1087 or (2) write to Encore at the address listed near the bottom of the letter.

50. The March 13, 2017 letter is misleading because the instructions can be read to have two or more meaning, which one is inaccurate.

51. The March 13, 2017 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by calling ENCORE the toll free number provided.

52. The March 13, 2017 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by notify ENCORE in writing at the address provided.

53. ENCORE violated 15 U.S.C. §1692e(10) by misleading Plaintiff as to the amount of the debt the debt she is being asked pay.

54. The March 13, 2017 letter can be read to mean that ENCORE is attempting to collect the Total Account Balance.

55. The March 13, 2017 letter can be read to mean that ENCORE is attempting to collect the Total Account Due.

56. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

57. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

58. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

59. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

60. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

61. Plaintiff has suffered damages and other harm as a direct result of ENCORE's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: April 1, 2017

>*s/ Joseph K. Jones*
>Joseph K. Jones, Esq.
>JONES, WOLF & KAPASI, LLC
>375 Passaic Avenue
>Fairfield, New Jersey 07004
>(973) 227-5900 telephone
>(973) 244-0019 facsimile
>jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 1, 2017

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

P.O. Box 48456
Oak Park, MI 48237

ADDRESS SERVICE REQUESTED

# Encore
## Receivable Management, Inc.

A  C O N V E R G Y S  C O M P A N Y

400 N Rogers Rd * PO Box 3330 * Olathe KS 66063-3330
Telephone: 866-247-1087

March 13 2017

| | |
|---|---|
| Creditor: | Synchrony Bank |
| Re: | P C RICHARD & SON |
| For Account Ending in: | XXXXXXXXXXXX5482 |
| Encore Account #: | 2870 |
| Total Account Balance: | $1,602.00 |
| Total Amount Due: | $209.00 |

MELISSA REYNOLDS

Dear MELISSA REYNOLDS:

The above referenced account has been referred to our office for collection. Previous attempts have been made by the creditor to obtain payment of this debt. As of this date, those attempts have not been successful.

Note: As of the date of this letter, your Total Account Balance is $1,602.00 of which $209.00 represents the Total Amount Due. Your Total Account Balance and Total Amount Due on the day you pay may be greater than the current balance listed above as a result of finance charges, late fees or other fees imposed on your account from day to day as outlined in the terms of your account and your account agreement. For further information, call or write us.

Please detach the lower portion of this notice and return with your payment in the enclosed envelope or call us at the above number if you would like to make a payment using a check by telephone. You can also log on and pay at www.mysynchrony.com.

Note: If payment has already been made, please notify this office at 866-247-1087 or by writing to Encore at the address listed below.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

---

ENCORE RECEIVABLE MANAGEMENT, INC. ● 400 N Rogers Rd. ● PO Box 3330 ● Olathe KS 66063-3330 ● 866-247-1087

*** Detach Lower Portion and Return With Payment ***

| | |
|---|---|
| Creditor: | Synchrony Bank |
| Re: | P C RICHARD & SON |
| For Account Ending in: | XXXXXXXXXXXX5482 |
| Encore Account #: | 2870 |
| Total Account Balance: | $1,602.00 |
| Total Amount Due: | $209.00 |

CONV0400

P C RICHARD & SON
P.O. Box 960061
Orlando FL 32896-0061

MELISSA REYNOLDS