

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f.  (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f.  (973) 244-0019

　Reply to:  New York

Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†


††Admitted NY, NJ, CT
†Admitted NY, NJ


www.legaljones.com

February 28, 2018

ELECTRONICALLY FILED

Hon. John Michael Vazquez, USDJ
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

　　　　Re:　　Melissa Reynolds v Encore Receivable Management, Inc.
　　　　　　　　2:17-cv-02207 (JMV)(MF)

Your Honor:

　　　　I write on behalf of Plaintiff and the putative class to respond to Defendant's "Notice of Supplemental Authority" ("Notice") regarding Riccio v Sentry Credit, Inc, 2018 U.S. Dist. LEXIS 15661 (D. New Jersey January 31, 2018) in further support of its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF No. 13 *et seq*.  Plaintiff will explain why Riccio is distinguishable from Plaintiff's 15 U.S.C. 1692 *et seq*, the Fair Debt Collection Practices Act ("FDCPA") case as the following language in Defendant's debt collection letter overshadows the required Section 1692g notice also stated in Defendant's letter: "Note: If payment has already been made, please notify this office at 866-247-1087..." *See* ECF No.1, p. 14; *see also* ECF No. 9, pp. 7,9-14; *see also* O'Brien v Waldman & Kaplan, P.A., 2017 U.S. Dist. LEXIS 84955 (D. New Jersey June 30, 2016); *infra*.

　　　　Critically, and notably absent from Defendant's "Notice" regarding the Riccio decision, is that Plaintiff, here, argues an additional claim against Defendant not alleged in Riccio. *See* ECF No. 13; *see also* ECF No. 9, pp. 7, 14-15. To that end, Plaintiff further argued the following in opposition to Defendant's motion to dismiss:

　　　　　　"Defendant's debt collection letter can be read by the least sophisticated
　　　　　　consumer, who wished to dispute the alleged debt, in the following ways, one of
　　　　　　which is inaccurate (See Campuzano-Burgos, 550 F.3d at 298; Wilson, 225 F.3d
　　　　　　at 354):

　　　　　　　　*　　　She must pay the "Total Account Balance" stated in the top
　　　　　　　　　　　　right of  the letter and payment coupon of $1,602.00" or;

    \*  She must pay the "Total Amount Due" stated in the top right of the letter and coupon of $209.

    Plaintiff has alleged that Defendant violated Section 1692e(10) as Defendant's letter is misleading and deceptive to the least sophisticated consumer and fails to state the "amount of the debt" in accordance with Section 1692g(a)(1). See ECF No. 1. This is because Defendant's letter and the corresponding detachable payment coupon, requires the least sophisticated consumer to decipher whether the "amount of the debt" is the "Total Account Balance" or the "Total Amount Due". Notably, both phrases (and corresponding amounts) are stated in the top right corner of Defendant's debt collection letter, and the detachable payment coupon. See ECF No. 1."

*See* ECF No. 9, pp. 14-15.

  While Defendant states that <u>Riccio</u> "provides additional authority" regarding its motion to dismiss because, presumably, both Plaintiff's case and <u>Riccio</u> involve the FDCPA and allegations that the defendants' form debt collection letter runs afoul of <u>Graziano v. Harrison</u>, 950 F.2d 107 (3d Cir. 1991) and <u>Caprio v Healthcare Revenue Recovery Group, LLC</u>**,** 709 F. 3d 142 (3rd Cir. 2013), the violating language in the subject debt collection letters is vastly different. ECF No. 1, p. 14; *see also* ECF No. 13 *et seq*. Notably, Defendant does not even bother to annex the subject debt collection letter at issue in <u>Riccio</u>. *See* ECF No. 13 *et seq*.

  As more fully set forth in Plaintiff's opposition papers, she argued that the violating language in Defendant's debt collection letter indicates that Plaintiff, if she wishes to dispute the debt, that she can simply call Defendant in the event "payment has already been made", or write to Defendant at the address provided, when, in the Third Circuit, any dispute, to be effective, must be in writing, is misleading or deceptive to the "least sophisticated consumer", and therefore violates Section 1692e(10) of the FDCPA. *See* ECF No. 9, p. 11. Similarly, the aforementioned language from Defendant's debt collection letter overshadows the paragraph directly below it that includes the required Section 1692g notice, as it would cause the least sophisticated consumer to be uncertain as to her rights and what she must do to effectively dispute the debt. Disputes must be made in writing in order to be effective in the Third Circuit. <u>Id</u>.

  Defendant's debt collection letter could clearly be interpreted by the least sophisticated consumer that calling Defendant because "payment has already been made" is a method to dispute the validity, or accuracy, of the debt, which is not an effective method in the Third Circuit. *See* ECF No.1, p. 14; *see also* ECF No. 9.

  Any such language was absent from the debt collection letter in <u>Riccio</u>. As stated by the Court in <u>Riccio</u>: "The Display Boxes....merely provide consumers with Sentry's contact information" and "There is no reference to a phone number or a request for consumers to call in the entirety of the Important Notice Box". *See* ECF No. 13-1. This can be juxtaposed with the call language in Defendant's debt collection letter "...If payment has already been made, please notify this office at 866-247-1087..." *See* ECF No.1, p. 14.

  Finally, Defendant points to <u>Cruz v Financial Recoveries</u>, 2016 U.S. LEXIS 83576 (D. New Jersey 2016), which was decided long before Defendant filed its motion to dismiss and was not cited in its underlying brief, or its reply. *See* ECF Nos. 5-1; 12; 13, p. 2. In another Court, in

this District, Judge Freda L. Wolfson, subsequently analyzed a debt collection letter containing similar language as in Cruz, and reached a different conclusion. *See* Kassin v AR Res., Inc, 2017 U.S. LEXIS 41187 (D. New Jersey March 22, 2017) *motion for interlocutory appeal denied* 2017 U.S. LEXIS 164294, *7-8 (September 28, 2017). In fact, the Court in Kassin, specifically addressed the Cruz decision ("Under these particular facts, the Cruz court, applying the least sophisticated debtor standard, found that the defendant-debt collector did not violate the FDCPA, since the insurance language and the validation notice did not contradict each other. In that court's view, the specific insurance provision — which is different than the language used in this case —merely requested information from the consumer. 2016 U.S. Dist. LEXIS 164294 at *6-7. While Cruz came to a different conclusion, I do not find that the existence of that decision, alone, creates a substantial ground for difference of opinion sufficient to satisfy the second prong of § 1292.". )

Thank you for your special attention to this matter. Should you have any further questions, please do not hesitate to contact me.

Respectfully submitted,

/s *Benjamin J. Wolf*
Benjamin J. Wolf

cc:   Peter Cipparulo, III, Esq. (*via* ECF)