UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MELISSA REYNOLDS, on behalf of herself and all others similarly situated,

*Plaintiff,*

v.

ENCORE RECEIVABLE MANAGEMENT, INC., and JOHN DOES 1-25,

*Defendants.*

Civil Action No. 17-2207 (JMV) (MF)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on Defendant Encore Receivable Management, Inc.'s ("Encore" or "Defendant") motion to dismiss the class action Complaint filed by Plaintiff Melissa Reynolds ("Plaintiff"). D.E. 1, 5. Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in its attempt to collect on a debt Plaintiff owed to Synchrony Bank ("Synchrony"). The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).[1] For the reasons set forth below, the Defendant's motion is **GRANTED**, and Plaintiff's Complaint is dismissed with prejudice.

---

[1] Defendant's Brief in Support of Encore Receivable Management, Inc.'s Motion to Dismiss, D.E. 5, hereinafter "Defendant's Brief" or "Def. Br."; Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), D.E. 9, hereinafter "Opposition" or "Opp."; Defendant's Response in Support, D.E. 12, hereinafter "Reply" or "Reply Br."

I.   **Background & Procedural History**

The following facts are derived from Plaintiff's Complaint ("Complaint" or "Compl."), D.E. 1. At some point prior to March 13, 2017, Plaintiff incurred a debt obligation to Synchrony. Compl. at ¶ 15. On or before March 13, 2017, the debt was past due and was referred to Encore for collection.[2] *Id.* at ¶ 19, 20. In a letter dated March 13, 2017 ("March Letter"), Defendant wrote to Plaintiff in an attempt to collect payment for the debt. *Id.* at ¶¶ 22-23; Ex. A. The March Letter included the following: "Note: If payment has already been made, please notify this office at 866-247-1087 or by writing to Encore at the address listed below." Ex. A. The letter further stated:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*Id.*

In the top right-hand corner of the correspondence, the following was listed:

> **Creditor: Synchrony Bank**
> Re: P C RICHARD & SON
> For Account Ending in: XXXXXXXXXXXX5482
> Encore Account # : [REDACTED]2870
> Total Account Balance: $1,602.00
> Total Amount Due: $209.00

---

[2] The Complaint refers to the debt in ¶19 as the "SHELL" obligation, which is not defined elsewhere in the Complaint or Exhibit A attached thereto.

*Id.* (emphasis in original). Thus, the March Letter included the overall account balance as well as the current amount due.

On April 1, 2017, Plaintiff filed a putative class action before this Court, alleging one count for violations of provisions of the FDCPA. Compl. at ¶¶ 38-61. D.E. 1. Plaintiff contends that she and "others similarly situated were sent letters, which would have affected their decision-making with regard to the debt" and "have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein." *Id.* at ¶¶ 59-60. Defendant filed the instant motion to dismiss on May 5, 2017, D.E. 5, which Plaintiff opposed, D.E. 9. Defendant replied on June 15, 2017. D.E. 12. Defendant filed a letter containing supplemental authority on February 27, 2018, to which Plaintiff responded. D.E. 13, 14.

## II. Standard of Review

Defendant brings her motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on upon which relief can be granted. For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212,

3

224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

**III.   Analysis**

The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Here, only the fourth factor is at issue.

The FDCPA was enacted by Congress in 1977 with the purpose of eliminating "abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692(a). "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013). To that end, "[l]ender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). "[A]lthough this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'"

4

*Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

Plaintiff has alleged three section of the FDCPA were violated by the March Letter: Section 1692e(10), Section 1692g(a)(1), and Section 1692g(a)(3). Opp. at 3. The Court will discuss the alleged violations of Section 1692g first because when claims based on the same conduct are brought under both Section 1692g and 1692e, the 1692g analysis "is usually dispositive." *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 155 (3d Cir. 2013). Section 1692g(a)[3]

---

[3] Section 1692g(a) reads in its entirety:

> Notice of debt; contents: Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

5

concerns validation notices, "the statements that inform the consumer how to obtain verification of the debt and that [s]he has thirty days in which to do so." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000). The consumer must dispute the debt in writing, if she wishes to do so. 15 U.S.C. § 1692g(a)(4). To effectively dispute a debt under Section 1692g(a), the dispute must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) ("We therefore conclude that subsection (a)(3), like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing.").

The Third Circuit has analyzed debt collection letters as to violations of Section 1692g(a). In *Graziano*, the defendant debt collector sent the plaintiff debtor a collection letter that on the front side stated the name of the creditor, the amount of the unpaid debt, and threatened legal action within ten days unless the debt was resolved before then. 950 F.2d at 109. At the bottom of the page the letter also provided: "See reverse side for information regarding your legal rights!" *Id.* On the reverse side, the letter provided notice of the required validation language. *Id.* The *Graziano* court found the two conflicting timeframes in the letter—ten days as opposed to the thirty days afforded by the statute—violated Section 1692g(a). *Id.* at 111. The Third Circuit held "there is a reasonable probability that the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action if payment is not made in that time, would be induced to overlook his statutory right to dispute the debt within thirty days." *Id.*

In *Wilson v. Quadramed Corp.*, 225 F.3d 350 (3d Cir. 2000), the collection letter, at the top, provided: "THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." *Id.* at 352 (capitalization in original). While this language was capitalized, the language in the body of the letter was uniform in size and typeface, including the validation notice. *Id.* The court in *Quadramed* found that while the

collection letter "present[ed] a close question," it did not violate Section 1692g(a). *Id.* at 353. The Circuit explained that "we are not convinced that the language in the first two paragraphs *overshadows or contradicts* the validation notice such that the 'least sophisticated debtor' would be confused or mislead as to his rights to dispute or seek validation of the debt." *Id.* (emphasis added). The court in *Quadramed* noted that the validation notice was presented in the same format (including the same font, size, and color type-face) as the first two paragraphs of the letter. The Third Circuit also observed that the validation notice appeared on the front page of the letter, immediately after the first two paragraphs. *Id.* at 356. When compared to the *Graziano* collection letter, the Circuit noted that the *Quadramed* letter made no "demand or threat." *Id.* Therefore, the court concluded that the *Quadramed* collection letter did not threaten or encourage the least sophisticated debtor "to waive his statutory right to challenge the validity of the debt," "demand payment within a period of less than thirty days," or present the information in a manner that "undercut[s] or overshadow[s] the message of the validation notice." *Id.* at 360.

More recently, the Third Circuit once again addressed a collection letter's alleged violation of Section 1692g(a) in *Caprio v. Healthcare Revenue Recovery Grp., LLC,* 709 F.3d 142, 148 (3d Cir. 2013). There, the collection letter provided as follows: "If we can answer any questions, or if you feel you do not owe this amount, please **call us** toll free at **800-984-9115** or write us at the above address." *Id.* at 145 (emphasis in original). Ultimately, the *Caprio* court found that the collection letter violated Section 1692g(a). *Id.* at 152. Viewing the letter from the perspective of the least sophisticated debtor, the *Caprio* court determined that both the "substance" and the "form" of the letter contradicted and overshadowed the validation notice language. *Id.* at 151. As to the substance of the letter, the court stated that the least sophisticated debtor could reasonably interpret the letter's language to mean that he could dispute the debt by writing *or* calling the debt

collector. *Id.* at 151. The option of calling violated Section 1692g(a) because a debt dispute had to be writing to be effective. *Id.*

As to the form of the letter, the *Caprio* court found that the bold type of the phrase "please call" and the defendant's telephone number, as well as the fact that the telephone number appeared again in large font at the top of the letter, compounded the substantive violation. *Id.* By comparison, the Circuit noted, the phrase "write us at the above address" and the validation notice were not in bold. *Id.* The *Caprio* court also noted that the defendant's mailing address only appeared at the top of the letter and it was printed in a smaller font than the telephone number. *Id.* at 151-52. Finally, the court in *Caprio* observed that the validation notice was on the back of the letter. *Id.* at 152. The *Caprio* court concluded that the collection letter was deceptive because "it can be reasonably read to have two or more different meanings, one of which is inaccurate, *i.e.*, that [the plaintiff] could dispute the debt by making a telephone call" and, therefore, it could leave the least sophisticated debtor uncertain of his rights. *Id.* at 152.

The first issue presented by Plaintiff is whether the March Letter gave the least sophisticated debtor the impression that she could call Defendant to dispute the debt. Judge Shipp issued a recent opinion that addressed the precise issue. *Rosa v. Encore Receivable Management, Inc.*, involved both the same collection letter and the same defendant. 2016 WL 4472951 (D.N.J. Aug. 23, 2016). Judge Shipp granted Encore's motion to dismiss, distinguishing the case from *Caprio*, and finding the facts more similar to those in *Wilson*. *Id.* at *2-3. The *Rosa* court wrote:

> The language at issue instructs the debtor to call to notify the debt collector only if the bill has already been paid and does not appear to be an alternative way to dispute the underlying debt. In addition, the validation notice appears on the same side of the correspondence and in the same typeface as the instruction to call the debt collector. Thus, there is no extra emphasis or textual prominence of the phone number or instruction to call the debt collector.

*Id.* at *2. Nor, the *Rosa* court wrote, did the collection letter "emphasize calling the debt collector or suggest that Plaintiff should forgo the procedure provided in the validation notice for disputing the debt." *Id.* at *3. Unlike the letter in *Caprio*, Judge Shipp reasoned that Encore's letter informed the debtor to call only if the bill had been paid; it did not indicate that the debtor could call to dispute the debt. *Id.* at *2.

The Court recognizes that Judge Shipp's decision in *Rosa* is not binding precedent, rather it is only persuasive authority. However, Plaintiff does not argue that *Rosa* is wrongly decided; instead, she argues that the instant case is more closely analogous to another case decided by Judge Shipp: *O'Brien v. Waldman & Kaplan, P.A.* 2016 WL 3583810 (D.N.J. June 30, 2016). The Court disagrees. The letter at issue in *O'Brien* stated:

> You may contact a representative at FCI Lender Services, Inc., with a mailing address of P.O. Box 27370, Anaheim, CA 92809-0112 toll free at 1-800-931-2424 between the hours of 8:00 am to 6:00 pm PST if you disagree with the Lender's assertion that a default has occurred or the correctness of the mortgage lender's calculation of the amount required to cure the default within thirty (30) days of this Letter.

*Id.* at *1. In *O'Brien*, Judge Shipp denied the defendant's motion to dismiss because the collection issue was more similar to that in *Caprio* "in that both communications invite the recipient to call or write if he or she disagrees with the contents of the correspondence." *Id.* at *2.

The Court agrees with Judge Shipp's reasoning in *Rosa*. That case involved not only the same defendant but the same language in the collection letter. The Court does not understand Plaintiff's argument that this matter is more akin to *O'Brien*, where different language was used in the collection letter. Here, the validation notice in the March Letter is not overshadowed or contradicted by the instruction to call Encore if Plaintiff had already paid the debt. The March Letter does not indicate that Plaintiff should telephone Encore to dispute the debt. The validation

9

notice is clearly expressed in the same font, size, and color as the other text in the March Letter. The validation notice also appears on the same side of the March Letter. Accordingly, the March Letter does not leave the least sophisticated consumer uncertain as to her rights under the FDCPA, and therefore does not violate Section 1692g.

The second issue Plaintiff raises is the alleged ambiguity created by listing both the total account balance and the total amount due in the March Letter.[4] Opp. at 10-12. In response, Defendant points to *Olson v. Risk Management Alternatives, Inc.* 366 F.3d 509 (7th Cir. 2004). In *Olson*, a collection letter was sent to one plaintiff listing a "Balance" of $4,881.81, with an amount "Now Due" of $1,035.00. *Id.* at 511. Another plaintiff's letter listed a "Balance" of $303.34, and then stated that $146.00 was "Now Due." *Id.* The Seventh Circuit ruled as follows:

> [T]he words "Now Due," when considered in the context of the letters at issue, do not eviscerate the message conveyed in the debt-validation notice. The phrase "Now Due," even to an unsophisticated consumer, simply means that the debt collector is willing to accept less than the total balance of the debt to bring the account to a current status. The consumer has the option of paying the amount due, paying the total balance, or doing neither and contesting the debt. These options do not contradict one another. When used in conjunction with a "Balance" figure, simply listing an amount "Now Due" does not contradict or overshadow the validation notice.

*Id.* at 512-513.

In response, Plaintiff relies on *Grubb v. Green Tree Servicing, LLC*, 2014 WL 3696126 (D.N.J. July 24, 2014), and *Castro v. Green Tree Servicing, LLC*, 959 F.Supp. 2d 698 (S.D.N.Y. 2013). Both are inapposite. In *Grubb*, the plaintiff received two different letters, two days apart,

---

[4] Defendant also argues that there is no FDCPA violation in regards to the language concerning the potential for finance charges or late fees. Def. Br. at 12. Plaintiff, however, makes clear that she is not asserting an FDCPA violation based on that language. Opp. at 5 & n.1. As a result, the Court does not address Defendant's argument.

stating different balances due: one for $307,606.12, and one for $210,905.11. *Grubb*, 2014 WL 3696126 at *1-2. The court in *Grubb* explained that "by providing this information in separate letters, the least sophisticated debtor could reasonably be confused as to whether the 'amount of debt' is $307,606.12 or $210,905.11." *Id.* at 10. *Castro* addressed Section 1692g's requirement that debt collectors inform debtors of the amount past due within five days of initial communication.[5] *Castro*, 959 F.Supp.2d at 708-10. Unlike *Grubb*, the March Letter did not provide two different balances that were owing, and, unlike *Castro*, the current matter does not concern failure to provide Plaintiff with the prescribed statutory information within five days.[6]

Both parties also cite to *Chuway v. National Action Financial Services, Inc.*, 362 F.3d 944 (7th Cir. 2004). *Chuway*, however, is inapplicable. In *Chuway*, the collection letter listed a "balance" of $367.42 for a credit card debt. *Id.* at 947. The letter stated that the credit card company "ha[d] assigned to [the] delinquent account [defendant's] agency for collection. Please remit the balance listed above in the return envelope provided. To obtain your most current balance information, please call 1-800-916-9006." *Id.* No similar language is at issue here. Instead, the March Letter informed Plaintiff of her balance as of day the letter was sent and did not indicate that Plaintiff had to call to get "current" balance.

Neither party cites to a Third Circuit decision, nor could the Court find one, addressing this precise issue. The Court recognizes that the Seventh Circuit's holding in *Olson* is merely persuasive and does not constitute binding precedent on this Court. Nonetheless, the Court is

---

[5] The *Castro* court also found that the collection letter at issue also violated Section 1692e because the initial collection letter only referenced the total underlying balance and failed to indicate the amount that was actually past due. 959 F.Supp.2d at 710-11. Here, by comparison, the March Letter expressly indicated both the overall account balance as well as the current amount due.

[6] Plaintiff also attempts to distinguish *Rosa* on this point, but *Rosa* does not address this issue. Defendant, moreover, never cited *Rosa* in support of this argument.

persuaded by its reasoning. Specifically, the Seventh Circuit's analysis as to the phrase "Now Due," is instructive. As explained in *Olson*, even to the least sophisticated debtor, "Now Due" simply means that the debt collector is willing to accept less than the total debt to bring the account current. *Olson,* 366 F.3d at 512. The debtor has the "option of paying the amount due, paying the total balance, or doing neither and contesting the debt." *Id.* at 512-23. These options do not contradict one another, and the Court finds that the March Letter's reference to both the overall account balance and the current amount due do not support a violation of Section 1692g.

Finally, Plaintiff's allegation regarding a violation of Section 1692e is based on the same facts as those supporting the alleged violation of Section 1692g. Compl. at ¶¶38-61. Because Plaintiff's claim under Section 1692e is based on the same allegations as her claim under Section 1692g, the foregoing analysis as to Section 1692g is dispositive. *See Caprio*, 709 F.3d at 155 (noting that when the allegations for a Section 1692e(10) claim are the same as the allegations for a Section 1692g claim, the analysis of the Section 1692g claim is usually dispositive). Thus, Plaintiff has failed to state a violation of Section 1692e.

### IV. Conclusion

For the foregoing reason, Defendant's motion to dismiss is granted, and Plaintiff's Complaint is dismissed with prejudice. Because Plaintiff cannot change the language in the March Letter, any attempted amendment to the Complaint would be futile. An appropriate Order accompanies this Opinion.

Dated: May 18, 2018

John Michael Vazquez, U.S.D.J.